STEPTOE, JUDGE:
Claimant Sharon Bills seeks an award from Division of Highways for property damage and personal injuries sustained by her in a one-car accident which took place about 0300 on the 13th day of July, 1989, on West Virginia Route 44 in Logan County, West Virginia, at an unincorporated town known as Wilkinson or Lower Monitor, between the town of Omar and the City of Logan.
From the evidence adduced at the hearing on June 26, 1992, it appears that claimant was operating her car, a 1985 four-door Chevrolet Celebrity sedan, on Route 44 and lost control of the vehicle, which struck a utility pole on the westerly side of the highway and careened into the middle of the road and overturned.
The testimony of the claimant and the testimony an eyewitness to the accident, Adam Chastain, produced by the respondent, was to the effect that damage to the vehicle centered on the right front section of the car.
Claimant was thrown from the driver’s seat and pinned under the car at her left hand, and was eventually taken for treatment to the Logan General Hospital.
Claimant’s version of the accident was that she was traveling at a speed of 40 to 45 miles per hour from Omar toward the City of Logan, northbound on Route 44, a public road which she had used a few times in the immediate past, and that in rounding a curve to the right at Wilkinson her vehicle hit a hole in the road surface, a wheel was torn off and her car hit a utility pole and overturned.
Ms. Bills’ only supporting witness, Lois Totten, confirmed that Ms. Bills had only two alcoholic drinks at the Moose Club, about seven hours before the accident.
For the respondent, Adam Chastain, age almost 19 at the time of the accident, who then made his home with his grandmother Leah Carver, on the easterly side of Route 44 and across the road from he utility pole struck by claimant’s car, testified that he had returned to his home about 0300 or a little later, after having participated in a Marine Corps exercise in Charleston from 1900 to 2300 or 2400 and thereafter having eaten and socialized with his buddies; that he had taken one load of his gear from his car into his home and was returning to the car for the rest of his gear and looking in the direction of the road, when he observed a car veer to the right and strike a pole and slide on down the road before coming to a stop, apparently upside down. The testimony of this witness is a mass of contradiction, probably unintentional, as to whether Logan and Omar were north or south, and whether claimant’s car was being driven north or south, but when shown a photograph (respondent’s Exhibit No. 5) of the scene of the accident, his testimony was that claimant’s car, immediately before the collision, was proceeding in the direction of Omar, which is south of Wilkinson, and so was proceeding southward on Route 44; *159 and he marked the exhibit accordingly. Chastain also testified that there were no potholes in the road, but that there were two or three “off the side of the road,” on the easterly side of the road at the curve just south of the accident scene. He also testified that he smelled alcoholic liquor on the claimant.
Mrs. Carver testified that she had heard the crash in front of her house but did not see it, and she did not talk to the claimant at that time. Some three months later, at the Logan General Hospital, she was present when the claimant asked Adam Chastain (both of whom were receiving therapy at the time) what she had hit (in the accident), observing after putting the question that she had been so drunk that she did not know what she hit; apparently Adam did not reply.
Respondent called Donell Cash, Ph. D., chief toxicologist in the Office of the Chief Medical Examiner of the Bureau of Public Health of the State of West Virginia, as an expert witness, to interpret the reported results of a test of the claimant’s blood taken at Logan General Hospital at 0546 on July 13, 1989, as disclosed by the hospital report, made part of the evidence as respondent’s Exhibit No. 6. Dr. Cash examined the exhibit and reported that the hospital reported 141.4 milligrams of alcohol in claimant’s blood per deciliter, which is the same as 0.14 percent alcohol by weight. The Court takes judicial notice of West Virginia Code §17C-502(d)lE, and §17C-2(d)(2), and finds that under that statute such a finding gives rise to a presumption of intoxication of the person whose blood was drawn.
The Court finds, as a matter of fact, that immediately before the accident, the claimant was operating her vehicle while under the influence of intoxicating liquor; that her failure to maintain control of her vehicle was the proximate cause of the damages to her vehicle and of her personal injuries; and that negligence of the respondent was not proven by a preponderance of the evidence.
Claim disallowed.